UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-12134-RGS

THOMAS E. NOBLE

v.

STEPHANIE NAPIER, *Acting Warden*, *FMC Devens*

ORDER

September 28, 2013

STEARNS, D.J.

*Pro se* petitioner Thomas E. Noble, who is incarcerated at FMC Devens, has filed a "Petition for Writ of Habeas Corpus Pursuant to the Constitution of the United States and Its Amendments and to 28 U.S.C. §§ 2241, 2243, and 2255." Dkt #1. For the reasons set forth below, the court DENIES the petition.

Noble claims that he has been subject to three periods of wrongful imprisonment, the most recent being from 2017 to the present. He alleges that "[j]udges of the 3rd Circuit and federal and state courts under its jurisdiction have criminally conspired with others to unconstitutionally deprive [him] of [his] constitutionally guaranteed right to be heard by an impartial court for redress of grievances for the last several decades." Pet. ¶ 2(B). Noble claims that one of his attorneys, "who conspired with 3rd

Circuit Judges to file an appeal 'for [him]' against his wishes told [him] in writing that 28 U.S.C. § 2255 should be used" to challenge his conviction based on "mental illness." *Id.* ¶ 4. Noble further represents that his attorney "underhandedly falsely told [him] that [they] must wait until after the 3rd Circuit ruled on said appeal before having [his] wrongful conviction overturned using 28 U.S.C. § 2255." *Id.* ¶ 5. He claims that his attorney "knew full well that the judges would not even bother to reply to her phony appeal." *Id.*

Noble's petition does not set forth a basis for relief in this Court. Under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court *which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added).[1] A search of the electronic records of the United States Courts shows that, on March 11, 2020, Noble was sentenced in the District of Delaware to a term of imprisonment of 180 months for possession of child pornography conviction. *See United*

---

[1] "[C]hallenges to convictions pursued while a direct appeal is pending are generally disfavored as a matter of judicial economy." *United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009).

2

*States v. Noble*, Crim. No. 18-00015 (D. Del.). Because Noble was sentenced in the District of Delaware, he cannot seek relief under § 2255 in this court.

"Congress enacted 28 U.S.C. § 2255 as a substitute for the traditional habeas remedy with respect to federal prisoners." *Ramos-Martinez v. United States*, 638 F.3d 315, 320 (1st Cir. 2011) (quoting *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008)). Thus, a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241 unless it appears that a motion under § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This "savings clause" is construed very narrowly, *see Jones v. Hendrix*, 599 U.S. 465 (2023), and has no factual relevance here.

The court notes that, despite Noble's suggestion to the contrary, on August 2, 2022, the Third Circuit affirmed his criminal conviction. *See United States v. Noble*, No. 20-1599 (3d Cir. Aug. 2, 2022).[2] A one-year period of limitations applies to the filing of a § 2255 motion, which period runs from the date of the latest of several events, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For

---

[2] The clerk shall, as a courtesy, provide Noble a copy of this opinion.

purposes of § 2255(f), a federal conviction becomes "final" when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 529 (2003).[3]

## ORDER

For the foregoing reasons, the petition is DENIED. This action is DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[3] The court takes no position whether Noble should seek relief under § 2255.